Filed 5/10/16  Marriage of Ware CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of TAMMY and DANIEL WARE. | |
| TAMMY WARE, Appellant, v. DANIEL WARE, Respondent. | F070636 (Super. Ct. No. VFL 193531) **OPINION** |

APPEAL from a judgment of the Superior Court of Tulare County.  David C. Mathias, Judge.

McCormick, Barstow, Sheppard, Wayte & Carruth, Todd W. Baxter and Jerry D. Casheros, for Appellant.

Allen Law Firm and David W. Allen for Respondent.

-ooOoo-

This is the second appeal in this marital dissolution matter.  In the first appeal we held that a stipulated judgment filed in 2002 was voidable because it was not signed by

the parties as required under Code of Civil Procedure section 664.6. (*Ware v. Ware* (Feb. 11, 2014, F064420) [nonpub. opn.] (*Ware*).) Thereafter, appellant, Tammy L. Ware, moved to set aside this stipulated judgment on the grounds that it was taken through extrinsic mistake and that respondent, Daniel M. Ware, did not serve a preliminary declaration of disclosure on Tammy[1] as required by Family Code section 2104.

The trial court denied Tammy's motion because it was not filed within six months of the entry of the judgment as required by Code of Civil Procedure section 473, subdivision (b). The trial court further concluded that Tammy was estopped from asserting the judgment should be set aside.

Tammy argues the trial court erred in failing to consider Family Code sections 2107, subdivision (d), and 2122, subdivision (f), in ruling on her motion to set aside the stipulated judgment. Under those sections, a judgment may be set aside when a party fails to comply with the disclosure requirements if the motion is brought within one year after the date the complaining party either discovers or should have discovered the failure to comply. Tammy further contends that she is not judicially estopped from seeking to set aside the judgment.

The trial court erred in relying on Code of Civil Procedure section 473, subdivision (b), to deny the motion. This case is governed by the Family Code. Further, the circumstances required to judicially estop Tammy from pursuing the motion are not present. Accordingly, the order will be reversed and the matter remanded for further proceedings.

**BACKGROUND**

Tammy filed a petition for dissolution of marriage on December 4, 2000. Under "Statistical Facts," Tammy alleged the date of the marriage was February 26, 1989, and the date of separation was December 1, 2000.

---

[1]     We refer to the parties by their first names for clarity and convenience.

2.

On December 15, 2000, the trial court ordered Daniel to pay child support and spousal support. A notice to Daniel's employer, the California Department of Corrections, to withhold $1,500 per month for child and spousal support was filed on January 31, 2001. Tammy was to remain in the home and was responsible for mortgage payments and utilities.

Thereafter, Daniel filed a response and request for dissolution of marriage. Daniel also alleged the date of separation was December 1, 2000.

On October 11, 2001, the parties attended a mandatory settlement conference and reached an agreement. Tammy's attorney, John Bianco, Daniel's attorney, James Wainwright, and Tammy appeared before the court to enter a stipulated judgment. Daniel was not present but had authorized his attorney to enter into the agreement.

Bianco recited the terms of the parties' agreement relating to custody and visitation, support, and the division of property. However, the parties reserved the issue of marital status. Wainwright explained there was a possibility of reconciliation and the parties wanted to get the property and support issues out of the way. The court accepted the stipulation but warned the attorneys and Tammy:

> "Let me tell you some of the problems we have had so there is no misunderstanding. [¶] Once this judgment gets accepted and gets entered and the assumption is it's going to get prepared and entered real quick after it's recited. [¶] [I]f they reconcile, the judgment doesn't go away. The judgment stands there."

On December 7, 2001, Tammy advised Bianco that she and Daniel had reconciled. On January 15, 2002, Bianco submitted a judgment of dissolution and notice of entry of judgment to the court for filing. This judgment had been signed by the attorneys but not the parties.

On January 18, 2002, Bianco withdrew as Tammy's attorney and advised the court that no further documents should be served on him. Wainwright gave notice of his withdrawal as Daniel's attorney on January 22, 2002.

On January 29, 2002, the superior court rejected the written judgment because it was not signed by the parties. However, on February 13, 2002, the trial court signed the judgment of dissolution of marriage, despite the absence of the parties' signatures, and it was filed with the court. The court served the judgment only on the attorneys although both had withdrawn from the case.

After they reconciled in December 2001, Tammy and Daniel lived together as husband and wife until sometime between December 2009 and February 2010. In November 2010, Tammy, through her new attorney Mary Rafani-Steele, requested modification of the spousal support that was ordered as part of the judgment of dissolution of marriage entered February 13, 2002.

A hearing on Tammy's request for a modification of spousal support was held in February 2011. In asserting that Daniel should pay Tammy $2,500 per month, Rafani-Steele characterized the marriage as lasting over 20 years. In contrast, Daniel's attorney, David Allen, argued the parties separated on December 1, 2000. Allen pointed out that, in the stipulated judgment, the parties reserved jurisdiction on marital status, not on the date of separation.

The parties agreed to terminate the marriage effective May 31, 2011, but disagreed on the date of separation. Rafani-Steele explained to the court that the date of separation affected the division of the retirement. On Tammy's spousal support modification request, the court ordered Daniel to pay Tammy $1,250 per month for February and March 2011 and $1,000 per month thereafter.

In March 2011, Tammy sought an order from the court for $1,450 in past-due spousal support. In April 2011, the court again ordered Daniel to pay $1,000 per month in spousal support.

The parties and their attorneys appeared before the court on November 21, 2011. Allen had prepared a judgment terminating marital status as the parties had agreed to at the February 2011 hearing. However, Rafani-Steele refused to sign this judgment

4.

because it included a recitation of December 1, 2000, as the date of separation. Rafani-Steele pointed out that the parties reconciled after the stipulated judgment was agreed to and were together for another 10 years.

The trial court issued a ruling on December 1, 2011, finding that the parties were married on February 26, 1989, and separated on December 1, 2000. The court also entered a judgment nunc pro tunc terminating the marriage as of February 23, 2011.

Tammy appealed. She argued that the 2002 stipulated judgment was void because it was not signed by the parties as required by Code of Civil Procedure section 664.6 and therefore both the 2002 judgment and the trial court's December 1, 2011, ruling should be set aside.

In *Ware, supra,* F064420, we held that the judgment was voidable, as opposed to void. We noted that Tammy never moved to set aside the stipulated judgment and so the record had not been developed on issues relevant to such a motion. "As an appellate court, we would not rule on a motion to set aside the stipulated judgment in the first instance, and we express no opinion on how the trial court should rule if such a motion were made." Accordingly, we affirmed the judgment.

In June 2014, Tammy moved to set aside the 2002 judgment on the grounds that the judgment was voidable and taken through extrinsic mistake. Tammy further argued that Daniel failed to comply with the disclosure requirements and therefore the 2002 judgment should be set aside pursuant to Family Code sections 2107, subdivision (d), and 2122, subdivision (f).

The trial court denied the motion. The court ruled that Code of Civil Procedure section 473, subdivision (b), applied to the motion and that Tammy was estopped from ever challenging the underlying judgment.

5.

# DISCUSSION

## 1. *The trial court erred in applying the six-month time limit of Code of Civil Procedure section 473, subdivision (b), to the motion to set aside the judgment.*

Family Code section 2121, subdivision (a) provides that in dissolution proceedings, "the court may, on any terms that may be just, relieve a spouse from a judgment, or any part or parts thereof, adjudicating support or division of property, after the six-month time limit of Section 473 of the Code of Civil Procedure has run, based on the grounds, and within the time limits, provided in this chapter."

One such ground for relief is set forth in Family Code section 2122, subdivision (f). That section provides that a motion based on a party's failure to comply with the disclosure requirements set forth in Family Code section 2100 et seq. "shall be brought within one year after the date on which the complaining party either discovered, or should have discovered, the failure to comply."

Here, Tammy alleged that Daniel failed to serve a preliminary declaration of disclosure on her as required by Family Code section 2104. On appeal, Daniel has conceded that this allegation is true.

Family Code section 2107, subdivision (d), provides that if a court enters a judgment when the parties have failed to comply with the disclosure requirements, "the court shall set aside the judgment." This section further states, "The failure to comply with the disclosure requirements does not constitute harmless error." Nevertheless, the judgment is subject to set aside only if it was materially affected by the nondisclosure. Otherwise, Family Code section 2107, subdivision (d), is inconsistent with the California Constitution. (*In re Marriage of Steiner & Hosseini* (2004) 117 Cal.App.4th 519, 528.)

In light of Tammy's allegation that Daniel failed to comply with the disclosure requirements and her argument that her motion to set aside the 2002 judgment was timely under Family Code section 2122, subdivision (f), the trial court erred in relying on Code of Civil Procedure section 473 to deny the motion to set aside the judgment without

6.

considering the applicable Family Code sections. The Family Code provides additional remedies following the expiration of the Code of Civil Procedure section 473 six-month time limit.

A trial court's refusal to set aside a judgment under Family Code section 2122 is reviewed for abuse of discretion. (*In re Marriage of Varner* (1997) 55 Cal.App.4th 128, 138.) Here, however, the trial court made a legal error in denying Tammy's motion. "[A] disposition that rests on an error of law constitutes an abuse of discretion." (*In re Charlisse C.* (2008) 45 Cal.4th 145, 159.)

Daniel notes that Family Code section 2107, subdivision (d), applies to judgments that became final on or after January 1, 2002, and argues that, because the underlying judgment was recited on the record on October 11, 2001, section 2107, subdivision (d), does not apply to this case. However, the judgment was not entered until February 2002. There can only be one final judgment. (Cf. *Knodel v. Knodel* (1975) 14 Cal.3d 752, 760.) Further, as we pointed out in *Ware, supra,* F064420, the oral recitation did not include all of the terms contained in the written judgment. Therefore, the October 11, 2001, agreement was interlocutory and not a final judgment. (*Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 741.) Accordingly, Family Code section 2107, subdivision (d), applies here.

In sum, the trial court abused its discretion when it relied on Code of Civil Procedure section 473, subdivision (b), to deny the motion to set aside the judgment without considering the additional remedies under the Family Code.

## 2. *Tammy is not judicially estopped from moving to set aside the judgment.*

The trial court ruled that Tammy was estopped from ever challenging the 2002 judgment. At the hearing on the motion, the court stated "I believe it would be extremely inequitable to attempt to enforce the terms of the judgment in 2010 and then come around to 2014 and request that it be set aside based on extrinsic mistake. In 2011, she again attempted to enforce the judgment." In other words, the trial court concluded that by

7.

seeking spousal support under the 2002 judgment in 2010 and 2011, Tammy was judicially estopped from moving to set aside the 2002 judgment.

The doctrine of judicial estoppel precludes a party from gaining an advantage by taking one position and then taking a totally inconsistent position to gain a second advantage. (*Aguilar v. Lerner* (2004) 32 Cal.4th 974, 986 (*Aguilar*).) The purpose of this doctrine is to prevent litigants from engaging in unfair strategies and "'"playing 'fast and loose with the courts.'"'" (*Haley v. Dow Lewis Motors, Inc.* (1999) 72 Cal.App.4th 497, 509 (*Haley*).)

The doctrine of judicial estoppel applies when "'(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake.'" (*Aguilar, supra,* 32 Cal.4th at pp. 986-987.) However, simply asserting inconsistent positions does not trigger application of the doctrine. Rather, the inconsistent argument must be attributable to intentional wrongdoing, i.e., the litigant must have acted in bad faith. (*Haley, supra,* 72 Cal.App.4th at pp. 509-510.) Thus, judicial estoppel does not apply when the first position was taken because of a good faith mistake rather than as part of a scheme to mislead the court. (*Id.* at p. 509.)

Here, after Tammy and Daniel separated for the second time in approximately February 2010, Tammy sought spousal support. Rather than begin anew, Rafani-Steele moved to modify the spousal support ordered as part of the 2002 judgment. However, Rafani-Steele did not attempt to enforce the remaining provisions of the 2002 judgment. Rather, Rafani-Steele challenged the stated separation date of December 1, 2000. Therefore, when Tammy sought to set aside the judgment in 2014, she was not taking a position that was totally inconsistent with her request for spousal support in 2010 and 2011. Further, there is no evidence that Tammy was acting in bad faith or attempting to

8.

mislead the court at any time.  Accordingly, the doctrine of judicial estoppel does not apply in this case and the trial court erred in holding that it did.

In conclusion, the trial court applied an incorrect legal standard when it denied Tammy's motion to set aside the 2002 judgment based on Code of Civil Procedure section 473, subdivision (b).  Further, Tammy is not judicially estopped from making this motion.  Accordingly, the trial court's order is reversed and the matter remanded for further proceedings.  On remand, the trial court should consider the applicability of both legal and equitable remedies.

## DISPOSITION

The order is reversed and the matter remanded for further proceedings.  Costs on appeal are awarded to appellant.

_____
LEVY, Acting P.J.

WE CONCUR:


_____
GOMES, J.


_____
POOCHIGIAN, J.

9.